1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs and the putative Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GERALDINE DAVID, SUSAN LARA,** and **THERESA HAAS, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**VI-JON, INC. D/B/A GERM-X,**<br><br>Defendant. | **Case No.:** '20 CV0424 CAB AGS<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500, *ET SEQ.*;**<br>3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200, *ET SEQ.*;**<br>4) **NEGLIGENT MISREPRESENTATION; AND**<br>5) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

(side text) KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### INTRODUCTION

1.     Plaintiffs Geraldine David, Susan Lara, and Theresa Haas ("Plaintiffs") brings this class action lawsuit to put a stop to the deceptive advertising and business practices of defendant, Vi-Jon, Inc. d/b/a Germ-X ("Germ-X" or "Defendant") regarding its false and misleading promotion of its products' purported medicinal and virus preventative benefits.

2.     Plaintiffs purchased Defendant's products: alcohol-based hand sanitizers marketed under the name Germ-X (the "Product").[1]

3.     Germ-X is advertised, marketed and sold as a Product that will prevent or reduce infection from the flu and other viruses, including the coronavirus.

4.     There are no reliable studies that support such representations.

5.     In fact, on January 17, 2020, the United States Food & Drug Administration ("FDA") issued a warning letter to Purell (the "Warning Letter") regarding its representations that its alcohol-based hand sanitizer—which is nearly identical to Germ-X—could prevent the flu and other viruses.  The FDA stated that it is not aware of "any adequate and well-controlled studies" supporting that representation.[2]

6.     Germ-X and Purell both rely on ethyl alcohol as the active ingredient in their hand-sanitizing products.  Purell contains 70% ethyl alcohol, while Germ-X advertises that it contains 62%.  Therefore, the FDA's Warning Letter, condemning Purell's misrepresentations that its hand sanitizer is intended for reducing or preventing the flu and other viruses, applies equally to Germ-X.  In fact, the FDA explicitly expanded its warning beyond Purell, stating that "we are not aware of a

---

[1]     "Product" is defined herein as all products in the Germ-X® Hand Sanitizer product line, including "Germ-X® Original Hand Sanitizer" "Germ-X® Hand Sanitizer, Aloe," "Germ-X® Anti-Bacterial Hand Wipes," "Germ-X® Advanced Hand Sanitizer, Aloe," "Germ-X® Moisturizing Original Hand Sanitizer" and "Germ Blaster."  These products are marketed in different sizes and package configurations and are designed to be used with various push-style or hands-free dispensers.

[2]     *See* Warning Letter at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020 (last accessed February 10, 2020).

similar OTC [over the counter] product as formulated and labeled" that is supported by evidence that it prevents infection from the flu or other viruses.[3]

7.    Despite this, Germ-X has represented in advertisements, various social media and on its website and other retail websites, that its Product prevents the flu and other viruses.

8.    For example, Defendant's advertisements on Amazon.com show pictures of a sneezing child and another child with a thermometer in her mouth and an adult hand on her forehead (as if checking for a fever).  These images are designed to convey the impression to consumers that Germ-X products are effective in preventing and treating certain communicable, viral diseases.

9.    Moreover, the same advertisement on Amazon.com further suggests that using Germ-X results in a clinical reduction in infection or disease of the flu or other viruses, by stating that Germ-X will "fit your every need during the cold and flu season."[4]

10.    Even more explicitly, and taking advantage of a newfound, widespread fear, an advertisement on Walmart.com affirmatively—and falsely—claims that Germ-X provides "Coronavirus/Flu Prevention."[5]

11.    Defendant misleads consumers into believing its products can prevent disease or infection from pathogens such as Coronavirus and flu along with other

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

---

[3]    *See* Warning Letter at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020 (last accessed February 10, 2020).

[4]    *See* https://www.amazon.com/Germ-X-Sanitizer-Original-Bottle-Fluid/dp/B079JRM6KR/ref=pd_sbs_121_img_1/130-2469168-4959812?_encoding=UTF8&pd_rd_i=B079JRM6KR&pd_rd_r=5f971932-f605-4533-876d-f3ab6f222805&pd_rd_w=SAvCK&pd_rd_wg=rqIN5&pf_rd_p=5cfcfe89-300f-47d2-b1ad-a4e27203a02a&pf_rd_r=2J04NHA7J8MC3JJJK0VH&psc=1&refRID=2J04NHA7J8MC3JJJK0VH (last accessed on February 7, 2020)

[5]    *See* https://www.walmart.com/ip/24-Moisturizing-Flu-N-SHIPPING-Prevention-Bottle-Will-HRS-FREE-Sanitizer-SHIPS-Germ-X-Hand-1-Travel-Coronavirus-Receive-2-5-oz-Ea-Original-You/971773428 (last accessed February 7, 2020).

claims that go beyond the general intended use of a topical alcohol-based hand sanitizer.

12.     These misrepresentations allow Defendant to unlawfully increase its sales and unjustifiably capture market share from its competitors.

13.     Defendant's deceptive sale and advertising of its products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*.; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.; (4) negligent misrepresentation; and (5) intentional misrepresentation.

14.     This conduct caused Plaintiffs, and others similarly situated, damages, requiring restitution and injunctive relief to remedy and to prevent further harm.

15.     Plaintiffs make the allegations as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA") because the amount in controversy in this matter exceeds $5,000,000.00[6] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief.  *See* 28 U.S.C. § 1332(d).

17.     This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are residents and citizens of the State of California, and Defendant is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in St. Louis, Missouri.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

---

[6]     On information and belief, Defendant sells its Products in brick and mortar stores and online retailers throughout California.  Based upon the advertised price of Defendant's products and their statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

18.     This Court has personal jurisdiction over Defendant because Defendant conducts business and intentionally and voluntarily advertised and sold the Product to Plaintiffs, California residents. Therefore, Defendant has sufficient minimum contacts with this State, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

19.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff Geraldine David resided in the County of San Diego, State of California; and (ii) many of the acts and transactions giving rise to this action occurred in this district.

## PARTIES

20.     Plaintiff Geraldine David is a natural person residing in San Diego County, in the State of California.

21.     Plaintiff Theresa Haas is a natural person residing in Kern County in the State of California.

22.     Plaintiff Susan Lara is a natural person residing in Los Angeles County in the State of California.

23.     Defendant is a corporation that is organized and exists under the laws of the State of Tennessee with its principal place of business in St. Louis, Missouri.

24.     Defendant manufactures and/or distributes various products, including hand sanitizers. Defendant conducts extensive business through Internet sales, including through the websites Amazon.com, Walmart.com, and Germx.com, and enjoys wide retail distribution at numerous stores throughout the United States, and California including Walmart and Walgreens.

## NATURE OF THE CASE

25.     At all times relevant, Defendant made and continues to make affirmative misrepresentations regarding its Products, which it manufactures, markets and sells in physical stores and online through its own website and other online retailers.

26.     Defendant advertised, marketed, packaged, and sold its Products to Plaintiffs and other consumers similarly situated in California with the false representation that its Product prevented disease or infection from pathogens such as Coronavirus and flu.

27.     Indeed, there is no basis for Defendant's representations that the Product is at all effective in reducing illnesses.

28.     Despite the foregoing, Defendant sells the Products to consumers knowing and intending that these consumers use the Products. For example, Defendant bottles these Products in small units of 3, 8, and 12 ounce bottles, for individual use.[7]

29.     Websites, such as Amazon.com, contain reviews and experiences of consumers. Many of these reviews including testimonials that also demonstrate consumers utilizing the Product for their own personal use.[8]

30.     The misrepresentations that Defendant made caused Plaintiffs and similarly situated California consumers to purchase and to use substances that the FDA considers to be unapproved for the purpose stated by Defendant. Moreover, Defendant's false claims about its Product mislead consumers and allow Defendant to gain a market share, which is an unfair advantage compared to its competitors.

---

[7]     *See* http://germx.com/all-products/ (last visited February 12, 2020).

[8]     https://www.amazon.com/Germ-X-Sanitizer-Original-Bottle-Fluid/product-reviews/B000PZSHS2

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

31.    In short, Defendant makes false claims about products that it sells on the open market and Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

### FACTUAL ALLEGATIONS

32.    Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.    Defendant manufactures, markets, advertises and sells Germ-X, which is a product line of alcohol-based hand sanitizers.

34.    Defendant sells Germ-X across the country through its own website, online retailers and brick and mortar stores.

35.    Defendant Germ-X is the second largest distributor of hand sanitizer in the country.

36.    Defendant's advertising and marketing preys on consumers' fear of contracting the flu and other viruses, for themselves and their children.

37.    Germ-X purposely connects concerns of contracting the flu and other viruses, and the desire to prevent infection, with its Product.

38.    In some instances Germ-X accomplishes this is by making direct statements to the consumer that Germ-X prevents the flu (and coronavirus).

39.    Other times, Germ-X uses indirect statements to give an unfair, deceptive, untrue or misleading impression to the consumer that Germ-X can prevent the flu and other viruses.

40.    Defendant markets and advertises Germ-X, on its website, on the websites of other retailers, on its Facebook page and through other related advertising materials.

41.    For years, Defendant has purposely marketed and advertised its product in order to mislead consumers into believing that Germ-X can prevent or reduce the flu and other viruses. Through its marketing, Germ-X either explicitly represents

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

that it prevents the flu and other viruses (including coronavirus) or infers this misrepresentation with the use of wording, images, and links.

42.    Defendant makes the following claims in its marketing:

a.    On Walmart's website, Germ-X explicitly states that its Product is meant for "**Coronavirus/Flu Prevention**."[9]



Travel Size: Yes
- Coronavirus / Flu Prevention
- - SHIPS N 24 HRS-FREE SHIPPING
- Coronavirus / Flu Prevention - You Will Receive 1 Ea - Germ-X Moisturizing Original Hand Sanitizer, 2.5-oz. Travel Bottle- SHIPS N 24 HRS-FREE SHIPPING
- - Moisturizing Original Hand Sanitizer, 2.5-oz. Travel Bottles

Travel Size: Yes
- Coronavirus / Flu Prevention
- - SHIPS N 24 HRS-FREE SHIPPING
- Coronavirus / Flu Prevention - You Will Receive 1 Ea - Germ-X

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

---

[9]    https://www.walmart.com/ip/24-Moisturizing-Flu-N-SHIPPING-Prevention-Bottle-Will-HRS-FREE-Sanitizer-SHIPS-Germ-X-Hand-1-Travel-Coronavirus-Receive-2-5-oz-Ea-Original-You/971773428 (last visited February 10, 2020); (*See* Germ-X Marketing Materials" attached as Exhibit A).

b.     On Amazon.com, Germ-X's product pages contain "a message from the manufacturer" which, together with the images and text, gives consumers the misleading impression that Germ-X prevents the flu and colds.  Below the graphics of sick children, the text reads, "[w]hether you're looking to fight germs in the classroom, office, or at home, our fast-acting hand sanitizers come in forms to fit your every need during **the cold and flu season**."





c.      From the Germ-X website, on a page entitle "Seasonal Illness," Defendant connects a family's fear of contracting the flu with the misleading impression that Germ-X prevents it.  First, Defendant places these images and text under the tab "**Seasonal Illness**" (like the flu).  Then, under images of a family with young children, Germ-X infers that its product prevents the flu by placing links to "**Flu.gov**" and "**CDC: Flu Information.**" These links are placed intentionally and misleadingly aside images of Germ-X hand sanitizer which Defendant explicitly states are  "**Recommended Products**." Germ-X gives the consumer the misleading impression that the CDC and the federal government are recommending Germ-X to prevent the flu through the use of the images and text below:[10]



---

[10]    http://germx.com/seasonal-illness/ ( last visited February 10, 2020).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

d.      From the Germ-X website, on a page entitled "CDC Resources," Defendant gives the misleading impression that Germ-X can prevent viruses, including, not only the flu, but also Ebola and MSRA.   Germ-X uses an image of a woman dressed as a doctor, holding a clipboard reading "official report **hand hygiene.**" Defendant uses the phrase "hand hygiene," as opposed to hand washing, to suggest that the inclusion of alcohol-based hand sanitizers like Germ-X, in addition to hand washing with soap and water, can help consumers "**avoid getting sick** and spreading germs." The inclusion of links to the CDC sites below the images and text, not only gives the false impression that the CDC has endorsed the use of Germ-X (an impression reinforced by the image of the "doctor" holding the "official report") but that the "sick[nesses]" that "hand hygiene" can prevent include: **flu, MRSA, and Ebola**:



**CLASS ACTION COMPLAINT**

e.      From the Germ-X website, Defendant has a page entitled "Schools" which gives the misleading impression that Germ-X can prevent school children from contracting viruses including the **flu and MRSA**:



f.      On its Facebook page, Defendant markets with posts which also give the misleading impression that Germ-X prevents the flu and other disease:



KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

43.     Germ-X is aware that consumers' fear of flu and other viruses, together with Defendant's misrepresentations that it prevents such diseases and illnesses, drives massive profits for the company.

44.     As the Boston Globe reported:

> Germ-X, a leading hand sanitizer brand, may get a big boost in sales this fall **because of concern about H1N1 when students return to school, said Kristin Ebert, a spokeswoman for Vi-Jon Inc.**, which manufactures Germ-X. The company this year added several new fragrances, along with a portable 1-ounce purse spray and individual wipes, to make sanitizing on the go more convenient.

> "Our goal is to ensure that we are doing everything possible to have products on the shelf for those consumers as that extra peace of mind,'' Ebert said.

45.     However, as Defendant well knew, and as the FDA Warning Letter has confirmed, there are no "adequate and well-controlled studies" supporting a representation that alcohol-based hand sanitizers produce a clinical reduction in infection or disease of the flu or other viruses.

46.     In fact, scientific studies have shown that alcohol-based hand sanitizers like Germ-X are not effective for the prevention of the flu and other viruses.[11]

47.     At the time Plaintiffs purchased Defendant's Products, Plaintiffs believed and relied upon the representations, including on Defendant's Products' labels and website, that the Product prevented and reduced disease and illness.

---

[11]     *See* https://www.asm.org/Press-Releases/2019/September-1/Towards-Better-Hand-Hygiene-for-Flu-Prevention (last visited February 10, 2020) ("The influenza A virus (IAV) remains infectious in wet mucus from infected patients, even after being exposed to an ethanol-based disinfectant (EBD) for two full minutes").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

48.     On information and belief, Defendant's Product's label, packaging, marketing, and advertising materials are prepared and/or approved by Defendant and/or its agents.

49.     As mentioned in detail above, there is no evidence that Defendant's Products prevent disease or reduce illness.

50.     **The "FDA is currently not aware of any adequate and well-controlled studies demonstrating that killing or decreasing the number of bacteria or viruses on the skin by a certain magnitude produces a corresponding clinical reduction in infection or disease caused by such bacteria or virus."[12]**

51.     Germs are made up of bacteria, viruses, fungi, and protozoa.

52.     By Defendant stating that its Product kills 99.99% of germs, it is actually stating that the Product kills 99.99% of bacteria and viruses. Defendant then makes the jump to the conclusion that by killing 99.99% of bacteria and viruses, this results in the Product preventing disease and reducing illness, which is not true.

53.     Consequently, Defendant's Product is misleading by marketing it as preventing disease and reducing illness.

54.     Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading or false.

55.     As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiffs and other consumers similarly situated purchased and overpaid for Defendant's Products under the false impression that the Products prevented disease and reduced illness.

56.     Had Plaintiffs been aware that there was no evidence the Product prevented disease and reduced illness, Plaintiffs would have purchased a different product or no product at all. In other words, Plaintiffs would not have purchased

[12]     Warning Letter at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020 (last visited February 10, 2020).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Defendant's Products but for the representations on the Products' related advertising.

57. Plaintiffs and others similarly situated were exposed to and relied upon the same material misrepresentations made in California, including on Defendant's Product's label and Defendant's website, other websites including Amazon.com and Walmart.com, and Defendant's Facebook site.

58. As a result of Defendant's false and misleading statements and failure to disclose, Plaintiffs, and other similarly situated consumers, purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

59. Included within the demands of this Complaint are any products manufactured by Defendant, which are characterized by Defendant as "hand sanitizers."

60. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

**Factual Allegations of Plaintiff Geraldine David**

61. Sometime in 2019 and 2020, Plaintiff David purchased Defendant's 8 ounce pump bottle of Germ-X® Hand Sanitizer.

62. Plaintiff purchased Germ-X® Hand Sanitizer on regular basis from her local Target, Walmart, and Dollar Tree stores.

63. Each of these purchases was made with Plaintiff's Visa Debit card.

64. Before purchasing the Product on various occasions, Plaintiff David viewed advertisements that contained misrepresentations by Defendant that the Product prevents disease and reduces illness.

65. Plaintiff David relied on Defendant's misrepresentations in deciding to purchase the Product.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

66.     Plaintiff David's last purchase of Germ-X® Hand Sanitizer (Original) 8 ounce bottle (pack of 6) was made on February 2, 2020, and again made due to Defendant's misrepresentations regarding Germ-X® Hand Sanitizer's ability to prevent and reduce risks of illnesses.

**Factual Allegations of Plaintiff Theresa Haas**

67.     In or around December 2019, Plaintiff Haas purchased Defendant's 12 ounce pump bottle of Germ-X® Aloe Hand Sanitizer for approximately $3.00 from a Walmart store located in Bakersfield, California.

68.     Before purchasing the Product, Plaintiff Haas viewed advertisements that contained misrepresentations by Defendant that the Product prevents disease and reduces illness.

69.     Plaintiff Haas relied on Defendant's misrepresentations in deciding to purchase the Product December 2019.

**Factual Allegations of Plaintiff Susan Lara**

70.     In or around August 2019 and October 2019, Plaintiff Lara purchased Defendant's 12 ounce pump bottle of Germ-X® Original Hand Sanitizer for approximately $3.00 from a Walmart store located in Rosemead, California.

71.     Before purchasing the Product, Plaintiff Lara viewed advertisements that contained misrepresentations by Defendant that the Product prevents disease and reduces illness.

72.     Plaintiff Lara relied on Defendant's misrepresentations in deciding to purchase the Product August 2019 and October 2019.

## CLASS ACTION ALLEGATIONS

73.     Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.     Plaintiffs bring this action collectively, and on behalf of all others similarly situated, against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

75.    Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within California who purchased Germ-X Products, within the four years prior to the filing of this Complaint.

76.    Excluded from the Class are Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

77.    The "Class Period" means four years prior to the filing of the Complaint in this action.

78.    **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agents' records of retail and online sales, as well as through public notice.

79.    **Numerosity**.  The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that the Products are sold online and the Products have hundreds of customer reviews, and on that basis, Plaintiffs allege that the putative Class consists of hundreds, if not thousands of members.

80.    **Existence and Predominance of Common Questions of Law and Fact**.  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

a.    Whether the Products were actually advertised as preventing disease and reducing illness;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

b.   Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

c.   Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq.*;

d.   Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

e.   Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

f.   Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

g.   Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Product's label and in its advertising;

h.   Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiff and members of the Class;

i.   Whether the Plaintiffs and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

j.   Whether the Plaintiffs and the putative Class members are entitled to injunctive relief as sought herein.

81.   **Typicality**. Plaintiffs' claims are typical of the claims of the members of the Class in that the Plaintiffs are members of the Class that the Plaintiffs seek to represent. Similar to members of the putative Class, Plaintiffs purchased Product

after exposure to the same material misrepresentations appearing on the Product's label and advertising, including on Defendant's website, other websites including Amazon.com and Walmart.com, and Defendant's Facebook site. Plaintiffs also received Product that does not actually prevent disease or reduce illness. Plaintiffs are advancing the same claims and legal theories on behalf of herself and all absent members of the Class. Defendant has no defenses unique to the Plaintiffs.

82. **Adequacy of Representation**. Plaintiffs will fairly and adequately protect the interests of the members of the putative Class. Plaintiffs have retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiffs have no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and proposed Class.

83. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

84.    Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Products in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

85.    Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### BUS. & PROF. CODE §§ 17500, *ET SEQ.*

86.    Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

87.    Plaintiffs and Defendant are "person[s]" as defined by California Business & Professions Code § 17506.

88.    California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

89.    Defendant holds its Products out as preventing disease and reducing illness, when, in fact, there is no valid evidence the Product does so.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

90.     These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

91.     At all times relevant, Defendant's advertising and promotion of its Products were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiffs and the putative Class members by representing that its Products prevented disease and reduced illness. When, in reality, Defendant knew that there is no valid evidence its Product prevented disease and reduced illness.

92.     Defendant engaged in the false and/or misleading advertising and marketing of its Products, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Products, which Defendant knew, or had reason to know, did not prevent disease or reduce illness.

93.     Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

94.     Had Defendant truthfully advertised that its Products did not prevent disease or reduce illness, Plaintiffs and the putative Class members would not have purchased the Product or would have purchased a different product from another manufacturer.

95.     This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers; as such conduct is ongoing to this day.

96.     As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiffs and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

## SECOND CAUSE OF ACTION FOR
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**BUS. & PROF. CODE §§ 17200, *ET SEQ.***

97.    Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

98.    Plaintiffs and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

99.    "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

100.    By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

**A. "UNLAWFUL" PRONG**

101.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*, as well as other Federal regulations.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

102. Defendant violated the above-referenced statutes by falsely representing that its Product prevented disease and reduced illness, when in fact the product did not prevent disease or reduce illness.

103. Defendant had other reasonably available alternatives to further its business interests, other than the unlawful conduct described herein.

104. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

105. Plaintiffs reserve the right to allege other violations of law, which constitute additional unlawful business practices or acts, as such conduct is ongoing and continues to this date.

## B. "UNFAIR" PRONG

106. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

107. Had Plaintiffs and the putative class members been informed that Defendant's Product did not prevent disease and reduce illness, they would not have purchased the Products or would have purchased a different product. In other words, Defendant earned the business of Plaintiffs and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage.

108. Such conduct is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are led to believe that by spending money and purchasing Defendant's Product, consumers are protecting their health and preventing diseases, when in fact they are not.

109. Plaintiffs could not have reasonably avoided the injuries they suffered. Indeed, through its advertising, Defendant insinuates its Product is approved by the CDC and doctors vouch for its disease prevention effectiveness.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

110.   Furthermore, Plaintiffs and the putative Class members were harmed in that they paid a price premium for the Products.

## C. "FRAUDULENT" PRONG

111.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq*., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., by falsely advertising its Product as preventing disease and reducing illness, when, in fact, the Product does not prevent disease and reduce illness.

112.   Defendant's fraudulent practices as described above, present an ongoing threat to consumers because consumers will continue to be misled by the Product Defendant offers in stores and on its website.

113.   Plaintiffs reserve the right to allege further conduct that constitutes other fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

## D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

114.   Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., in that consumers are led to believe that Defendant's Product prevents disease and reduces illness, when, in fact, the Product does not prevent disease or reduce illness, as alleged herein.

115.   Plaintiffs and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Products, as preventing disease and reducing illness.

116.   As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

117.   Plaintiffs and the putative Class members suffered an injury in fact because Plaintiffs' money was taken by Defendant as a result of Defendant's false representations as set forth in its advertising, including on the Product's label, Defendant's website, other websites including Amazon.com and Walmart.com, Defendant's Facebook site and other 3rd party retailers as mentioned herein.

118.   Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiffs reserve the right to identify additional violations by Defendant as may be established through discovery.

119.   In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiffs seek the recovery of attorneys' fees, which reward is available to prevailing plaintiffs in a class action such as this.

### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

120.   Plaintiffs repeat, re-allege, and incorporate by reference the above allegations as if fully stated herein.

121.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiffs and others similarly situated, through product packaging and advertising materials, that Defendant's Product prevented disease and reduced illness.

122.   Defendant made these representations knowing, or having reason to know, that its Products did not prevent disease and reduce illness.

123.   Defendant acted with the intent to induce the public, including Plaintiffs and putative Class members, to purchase Defendant's Product.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

124.    Plaintiffs and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

125.    At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

126.    As a proximate result of Defendant's negligent misrepresentations, Plaintiffs and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Products due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

**FOURTH CAUSE OF ACTION**
**INTENTIONAL MISREPRESENTATION**

127.    Plaintiffs re-allege, and incorporate herein by reference the above allegations as if fully stated herein.

128.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiffs and others similarly situated, through Product's packaging and advertising materials, that Defendant's Product prevented disease and reduced illness.

129.    Defendant acted intentionally by marketing its Product as one that prevents disease and reduces illness.

130.    Because the FDA found there is no evidence that shows alcohol-based hand sanitizers like the Product prevents disease or reduces illness, the Product does not have the benefits that Defendant advertises.

131.    Furthermore, by including the statement that the Product "[k]ills more than 99.99% of germs" on the label of the Product, Defendant is implying that this Product prevents the spread of viruses, for which there is no evidence.

132.    Defendant knew or had reason to know such representations were false, and continued to advertise its Product in a false or misleading way.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

133.   Defendant further knew that retailers were advertising its Product as preventing disease and reducing illness, because Defendant designed, manufactured, and affixed the product labeling to its Products before supplying the Products to the retailers.

134.   Plaintiffs and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

135.   As a proximate result of Defendant's intentional misrepresentations, Plaintiffs and the putative Class members were damaged in an amount to be determined at trial.

136.   Plaintiffs allege the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i.   The "who" is Defendant;

    ii.   The "what" is the representation that Defendant's Product, and substantially similar products, had ingredients that prevented disease or reduced illness;

    iii.   The "when" is the date Plaintiffs purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

    iv.   The "where" is in Defendant's product labeling, advertisements, and online marketing; and

    v.   The "how" is the allegation that Defendant did not disclose that its Product did not prevent disease or reduce illness.

137.   By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiffs and the putative Class are therefore entitled to recover exemplary or punitive damages.

**FIFTH CAUSE OF ACTION**
**CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE §§ 1750, *ET SEQ.***

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

138.   Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

139.   California Civil Code section 1750, *et seq.*, titled the Consumers Legal Remedies Act ("CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

140.   Defendant and Plaintiffs are each "person[s]" as defined pursuant to Civil Code section 1761(c).

141.   Defendant's Product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

142.   Plaintiffs and the Class members are each "consumer[s]" as defined pursuant to Civil Code Section 1761(d).

143.   Plaintiffs and the Class Members' purchase of Defendant's Product constituted a "transaction" as defined by Civil Code section 1761(e).

144.   The CLRA prohibits the "following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of lease of goods or services to any consumer" as unlawful:

> Misrepresenting the affiliation, connection, or association with, or certification by, another. Civil Code section 1770(a)(3).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

> Representing that goods . . . have . . . characteristics, ingredients, uses, benefits, . . . that they do not have . . . Civil Code section 1770(a)(5).
>
> Advertising goods or services with intent not to sell them as advertised. Civil Code section 1770(a)(9).

145.   Defendant violated these provisions of the CLRA by representing on its labels, online, and in stores that its Product had certain benefits, including disease prevention, which are not substantiated.

146.   Defendant further provides various links to CDC articles with photographs of doctors on its website, indicating there is some connection or approval with professionals to Defendant's Product.

147.   On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain, and increased profit.

148.   On information and belief, Defendant committed these acts knowing the harm that would result to Plaintiffs and the Class, and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

149.   As a direct and proximate result of Defendant's violations of the CLRA, Plaintiffs are to entitled to and seek injunctive relief prohibiting such conduct in the future.

150.   Plaintiffs anticipate amending this complaint to include actual damages at a later time, after Defendant is given the period to cure its conduct under the CLRA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the Court grant Plaintiffs and the putative Class members the following relief against Defendant:

- This action be certified as a Class Action;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- Plaintiffs be appointed as the Class Representatives;
- Plaintiffs' attorneys be appointed as Class Counsel;
- Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and all members of the Class and to restore to the Plaintiffs and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- Plaintiffs and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;
- Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;
- Pre-judgment interests from the date of filing of this suit;
- Plaintiffs and each member of the putative Class recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- Recovery of reasonable attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- An award of compensatory, special, general, and punitive damages according to proof against Defendant;
- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and
- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;
- Punitive damages pursuant to Cal. Civ. Code § 3294; and
- Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### FIFTH CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and
- An award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1

2                                   **TRIAL BY JURY**

3          151.   Pursuant to the Seventh Amendment to the Constitution of the United

4   States of America, Plaintiffs are entitled to and demands a trial by jury.

5

6   Dated: March 5, 2020                          Respectfully submitted,

7                                                 **KAZEROUNI LAW GROUP, APC**

8

9                                       By:  ___*s/ Abbas Kazerounian*___
                                            ABBAS KAZEROUNIAN, ESQ.
10                                          *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626